UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Melody A. Russell

Docket:

vs

JFM14CV3319

Midland Credit Management

## COMPLAINT

### Venue

1) The court has proper jurisdiction in this matter.

2) Defendant is a business, with a principle address of 8875 Aero Drive, Suite 200, San Diego, California 92123.

### Request for Immediate Injunctive Relief

3) Defendant is causing a great deal of harm to the Plaintiff, as Plaintiff is absolutely unable to obtain a job, due to the Defendant's violations.

4) Plaintiff prays for immediate injunctive relief, asking the court to:

   a) Immediately and permanently order Defendant to cease in engaging in any kind of debt collection activity associated with the account.

   b) Immediately and permanently order Defendant to refrain from furnishing and/or obtaining Plaintiff's consumer reports, and apply order to any third party or original creditor.

   b) Immediately and permanently prevent Defendant from referring or selling the debt to a third party.

   c) Immediately and permanently order Defendant to permanently remove the account from all consumer reporting agencies.

   d) Immediately and permanently order all consumer reporting agencies to remove the account from all consumer reports.

1

e)  Immediately and permanently order the Defendant to cease any attempts, now or in future, to bring legal action against the Plaintiff for this account, or report it to any consumer reporting agencies.

f)  Apply all orders to any current or future third parties, and original creditors.

## Overview

5) Complaint involves violation to the following:

   a) FDCPA;

   b) FCRA;

   c) MCPA;

   d) MCDCA.

## SUMMARY

### First Count

6) The first count involves violations to the FDCPA.

7) On Sunday, April 6th, 2014 at 11:42AM, Defendant contacted Plaintiff to collect a debt.

8) Defendant contacted Plaintiff during an inconvenient time, as she was in her place of worship praying.

9) Defendant attempted to demand payment for a credit card.

10) Plaintiff orally disputed over the phone, explaining to the Defendant that there were charges and fees did not belong to the Plaintiff, for the following reasons:

    a) The Plaintiff was billed for charges that she didn't make;

    b) The Plaintiff was billed for non-disclosed fees;

    c) The Plaintiff was billed for a Credit Protection Plan that she didn't ask for.

11) On the same phone call, the Defendant continued to demand payment instead of acknowledging the dispute, in spite of the fact that the Plaintiff disputed debt.

12) Finally, the Defendant hung up, and the Plaintiff then disputed the debt in writing

13) Upon reviewing her credit reports around July 2014 to obtain employment, Plaintiff noticed that the Defendant reported the account, and as undisputed.

14) On July 21st, 2014, at approximately 12:57PM, Plaintiff called the Defendant to dispute debt again.

15) Plaintiff disputed the debt with Defendant.

16) Defendant told Plaintiff that her dispute was not good enough, and that she had to provide "certified proof" to get them to stop collecting the debt.

17) "Certified proof" is not a requirement of the Plaintiff under the FDCPA, and such demands are violations.

18) Defendant told Plaintiff that they don't accept disputes from consumers for any reason, and that they must show certified proof, or Defendant will continue to collect debt.

19) To date, Defendant has failed to report the debt as disputed.

20) Defendant has violated the FDCPA.

## Second Count

21) This count involves violations to the FCRA.

22) On/before February, Defendant pulled the Plaintiff's consumer reports.

23) Before initially contacting Plaintiff over the phone in April 2014, Defendant had not reported the debt to any of the Plaintiff's consumer reports.

24) Several weeks after the initial contact, Defendant reported the account as delinquent and not disputed to all of the consumer's consumer reports.

25) Plaintiff attempted to dispute the debt with the consumer reporting agencies, showing them proof of unauthorized activity.

26) In spite of such attempts, Defendant has continued to report the debt, and report the debt as delinquent, and undisputed.

27) Defendant has violated the FCRA.

## Third Count

28) This count involves the MCPA.

29) The allegations of the First Count and Second Count are repeated and re-alleged as if fully set forth herein.

### Fourth Count

30) This count involves the MCDCA.

31) The allegations of the First Count are repeated and re-alleged as if fully set forth herein.

### Conclusion

WHEREFORE Plaintiff respectfully requests this Court to:

1. Grant Plaintiff injunctive relief, as requested.
2. Award Plaintiff statutory damages of $1000, pursuant to the FDCPA.
3. Award Plaintiff statutory damages of $1000, pursuant to the FCRA.
4. Award Plaintiff statutory damages of $1000, pursuant to the MCPA.
5. Award Plaintiff statutory damages of $1000, pursuant to MCDCA.
6. Award the Plaintiff costs of suit, in the amount of $1000.
7. Award such other and further relief as this Court may see fit.

RESPECTFULLY,

_____
THE PLAINTIFF